# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN VALDEZ,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>MARTIN FRIEND, Warden,<br><br>　　　　Respondent. | Case No.: 1:19-cv-00911-LJO-SKO (HC)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS<br><br>[30-DAY OBJECTION DEADLINE] |

Petitioner is in the custody of the Bureau of Prisons at the Taft Correctional Institution in Taft, California. He filed the instant federal petition on July 3, 2019, challenging his sentence pursuant to 28 U.S.C. § 2241. Because Petitioner does not satisfy the savings clause in 28 U.S.C. § 2255 which would allow Petitioner to challenge his conviction by way of § 2241, the Court will recommend that the instant petition be DISMISSED for lack of jurisdiction.

**BACKGROUND**

Petitioner was convicted in the United States District Court for the District of Alaska on September 29, 1999, following a jury trial, of conspiracy in relation to cocaine trafficking (21 U.S.C. § 846), four counts of distribution and possession of a controlled substance with the intent to distribute (21 U.S.C. § 841(a)(1)), five counts of maintaining a place for drug trafficking (21 U.S.C. § 856(a)(1)), and two counts of interstate travel in aid of drug trafficking (18 U.S.C. § 1952). <u>United</u>

States v. Valdez, Case No. 3:98-cr-00133-HRH (D.Alaska), Docket No. 287.[1] Petitioner was sentenced to 30 years in prison. Id. His conviction was affirmed by the Ninth Circuit Court of Appeals on May 7, 2001. United States v. Marin & Cruz, 8 Fed.Appx. 815 (9th Cir. 2001).

On July 25, 2002, Petitioner filed a motion under 28 U.S.C. § 2255, claiming his conviction and sentence were imposed in violation of Apprendi v. United States, 530 U.S. 466 (2000). United States v. Valdez, Case No. 3:02-cv-00177-JMF (D.Alaska). The Alaska District Court denied the motion on April 3, 2003, finding that his claim was foreclosed insofar as Apprendi does not apply retroactively to cases on initial collateral review. Id. Petitioner appealed and the Ninth Circuit affirmed the denial on July 12, 2004. United States v. Valdez, 104 Fed.Appx. 624 (9th Cir. 2000).

On May 30, 2008, Petitioner filed a Rule 60(b) motion to set aside the denial of his § 2255 motion. Valdez, Case No. 3:98-cr-00133-HRH, Docket Nos. 498, 499. On July 24, 2008, the Alaska District Court denied the Rule 60(b) motion as untimely. Id., Docket No. 514. Petitioner filed a motion for reconsideration of the denial order on August 7, 2008. Id., Docket No. 515. The motion was denied on August 29, 2008. Id., Docket No. 519. Petitioner appealed and the Ninth Circuit affirmed the denial on February 2, 2010. Id., Docket Nos. 525, 539. Petitioner then sought a writ of certiorari in the United States Supreme Court, which was denied on October 4, 2010. Id., Docket Nos. 540, 541.

Undeterred by his previous attempts, Petitioner filed a second motion to set aside the § 2255 denial on August 8, 2011. Id., Docket Nos. 546, 547, 548. On August 12, 2011, the Alaska District Court rejected the motion for the same reasons. Id., Docket No. 550. Petitioner again appealed to the Ninth Circuit and the appeal was denied on January 26, 2012. Id., Docket No. 555.

On March 22, 2012, Petitioner filed his third motion to set aside the § 2255 denial. Id., Docket No. 559. The court denied the motion on June 28, 2012. Id., Docket No. 560. Petitioner then filed a motion for reconsideration of the denial on July 16, 2012. Id., Docket No. 562. The court denied the

---

[1] The Court may take judicial notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993). Judicial notice may be taken of court records. Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), aff'd, 645 F.2d 699 (9th Cir.).

motion on September 20, 2012. Id., Docket No. 565. Petitioner appealed and the Ninth Circuit affirmed on November 9, 2012. Id., Docket No. 575.

On February 21, 2014, Petitioner filed a fourth Rule 60(b) motion to set aside judgment. Id., Docket No. 583. The motion was denied on March 24, 2014. Id., Docket No. 584. Petitioner filed a motion for reconsideration on April 7, 2014, and the motion was denied on April 9, 2014. Id., Docket Nos. 586, 587. Petitioner again appealed to the Ninth Circuit and the appeal was denied on June 23, 2014. Id., Docket Nos. 588, 589.

Petitioner then sought authorization from the Ninth Circuit to file a second or successive § 2255 motion. The Ninth Circuit denied his request on February 3, 2015. Id., Docket No. 591.

On May 1, 2017, Petitioner filed his fifth Rule 60(b) motion to set aside judgment. Id., Docket No. 621. On May 18, 2017, the court denied the motion. Id., Docket No. 622. Petitioner appealed and the Ninth Circuit denied the appeal on August 3, 2017. Id., Docket Nos. 623, 625.

On July 3, 2019, Petitioner filed the instant habeas petition in this Court pursuant to 28 U.S.C. § 2241.

**DISCUSSION**

A federal prisoner who wishes to challenge the validity or constitutionality of his federal conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988); see also Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir.2006), *cert. denied*, 549 U.S. 1313 (2007). In such cases, only the sentencing court has jurisdiction. Tripati, 843 F.2d at 1163. Generally, a prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see also United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).

In contrast, a prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241 in the district where the petitioner is in custody. Stephens, 464 F.3d at 897; Hernandez v. Campbell, 204 F.3d 861, 864-65 (9th Cir.2000) (per curiam). "The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention, and that restrictions

on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241." Stephens, 464 F.3d at 897 (citations omitted).

Nevertheless, an exception exists by which a federal prisoner may seek relief under § 2241 if he can demonstrate the remedy available under § 2255 to be "inadequate or ineffective to test the validity of his detention." United States v. Pirro, 104 F.3d 297, 299 (9th Cir.1997) (quoting 28 U.S.C. § 2255); see Hernandez, 204 F.3d at 864-65. The Ninth Circuit has recognized that it is a very narrow exception. Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir.2003). The remedy under § 2255 usually will not be deemed inadequate or ineffective merely because a prior § 2255 motion was denied, or because a remedy under that section is procedurally barred. See Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); Tripati, 843 F.2d at 1162-63 (a petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate). In this circuit, Section 2255 provides an 'inadequate and ineffective' remedy (and thus that the petitioner may proceed under Section 2241) when the petitioner: (1) makes a claim of actual innocence; and, (2) has never had an 'unobstructed procedural shot' at presenting the claim. Stephens, 464 F.3d at 898. Both requirements must be met, and the burden is on the petitioner to show that the remedy is inadequate or ineffective. Muth v. Fondren, 676 F.3d 815, 819 (9th Cir. 2012); Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

In this case, Petitioner is challenging the validity and constitutionality of his sentence as imposed by the United States District Court for the District of Alaska. As Petitioner acknowledges, the appropriate procedure would be to file a motion pursuant to § 2255 in the District of Alaska, not a habeas petition pursuant to § 2241 in this Court. Nevertheless, Petitioner argues the remedy under § 2255 is inadequate and ineffective. Petitioner's argument is unavailing, because he does not present a claim of actual innocence, and he did not lack an unobstructed procedural opportunity to present his claim.

First, as the procedural history shows, Petitioner has litigated his Apprendi claim on numerous occasions. In fact, the Ninth Circuit rejected his claim in its order of July 12, 2004. United States v. Valdez, 104 Fed.Appx. 624 (9th Cir. 2000). Thereafter, the Alaska District Court examined and

rejected his claim on at least five more occasions. Thus, it is clear he has had numerous unobstructed procedural opportunities to present his claim.

Second, Petitioner does not present an actual innocence claim. In the Ninth Circuit, a claim of actual innocence for purposes of the Section 2255 savings clause is tested by the standard articulated by the United States Supreme Court in <u>Bousley v. United States</u>, 523 U.S. 614 (1998). <u>Stephens</u>, 464 U.S. at 898. In <u>Bousley</u>, the Supreme Court explained that, "[t]o establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." <u>Bousley</u>, 523 U.S. at 623 (internal quotation marks omitted). Petitioner bears the burden of proof on this issue by a preponderance of the evidence, and he must show not just that the evidence against him was weak, but that it was so weak that "no reasonable juror" would have convicted him. <u>Lorentsen</u>, 223 F.3d at 954. In this case, Petitioner does not assert that he is factually innocent of the crime for which he was convicted. Rather, he takes issue with his sentence. Under the savings clause, Petitioner must demonstrate that he is actually innocent of the crime for which he has been convicted, not the sentence imposed. See <u>Ivy</u>, 328 F.3d at 1060; <u>Lorentsen</u>, 223 F.3d at 954 (to establish jurisdiction under Section 2241, petitioner must allege that he is "'actually innocent' of the crime of conviction"); <u>Edwards v. Daniels</u>, 2006 U.S. Dist. LEXIS 94750, at *7, 2006 WL 3877525 (D.Or.2006) ("Petitioner's assertion that he is actually innocent of a portion of his sentence does not qualify him for the 'escape hatch' of § 2255 because he must allege that he is 'legally innocent of the crime for which he has been convicted,' not the sentence imposed."), *adopted by* <u>Edwards v. Daniels</u>, 2007 U.S. Dist. LEXIS 12356, 2007 WL 608115 (D.Or.2007). Therefore, the instant § 2241 petition does not fit within the exception to the general bar against using Section 2241 to collaterally attack a conviction or sentence imposed by a federal court. See <u>Lorentsen</u>, 223 F.3d at 954 (declining to decide whether federal prisoners who are actually innocent may resort to Section 2241 when relief is not available under Section 2255 because the petitioner had not shown actual innocence); see also <u>Stephens</u>, 464 F.3d at 898-99 (concluding that petitioner could not satisfy the actual innocence requirement as articulated in <u>Bousley</u> and, thus, failed to properly invoke the escape hatch exception of Section 2255).

Petitioner fails to show he lacked an unobstructed procedural opportunity to present his claim, and he fails to state a claim of actual innocence. Thus, he fails to demonstrate that § 2255 is an inadequate or ineffective remedy. Section 2241 is not the proper statute for raising Petitioner's claims, and the petition should be dismissed for lack of jurisdiction.

**RECOMMENDATION**

Based on the foregoing, the Court RECOMMENDS that the Petition for Writ of Habeas Corpus be DISMISSED for lack of jurisdiction.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty days after being served with a copy of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **July 29, 2019** /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE